UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN BOZES, ET AL                                   CIVIL ACTION

VERSUS                                              NO. 06-7127

PARISH OF ST. BERNARD, ET AL                        SECTION "K"(1)

ORDER AND OPINION

Before the Court is the "Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23" filed on behalf of plaintiffs John Bozes, et al. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

BACKGROUND

On August 29, 2005, Hurricane Katrina struck St. Bernard Parish, Louisiana leaving vast destruction in its wake. Storm surge flooded the parish, forcing the evacuation of the remaining residents. Some residents were able to take their dogs to Sebastian Middle School, PGT Beauregard Middle School, or St. Bernard High School when they evacuated from their homes to one of those schools, but later those residents were required to leave their dogs at the school when they were evacuated from the school to a location outside St. Bernard Parish. Other residents who were being evacuated from their homes were instructed by authorities to leave their pets at their home and were not allowed to take them to the evacuation staging area. Upon returning to St. Bernard Parish in late September, some residents found their dogs dead, apparently as a result of having been shot, and other residents or former residents heard that their dog(s) had died apparently of gunshot wounds.

John Bozes, Carol Ann Hamm, Robert Hamm, Annette Centorbi, Judy Migliori, Santo Migliori, Joyce Stubbs, Ronald Hallel, and Raymond Hallel filed suit individually and on behalf of

others similarly situated alleging that in the weeks following Hurricane Katrina deputies and officers of the St. Bernard Sheriff's Office "with the authorization of, acquiescence by, or ratification of the Sheriff's Office – undertook a policy and practice of shooting dogs they knew had been left behind by their owners." (Doc. 70). Plaintiffs and the putative class they represent, urge that the individual defendants, [1] acting under color of state law violated plaintiffs' Fourth Amendment right to be free of unlawful seizures of their private property, i.e., their dogs. Pursuant to 42 U.S.C. §1983 plaintiffs seek damages for the killing of their dogs. Additionally, plaintiffs assert a Louisiana state law claim for intentional infliction of emotional distress.

Plaintiffs filed this motion seeking to have the following class certified: "All persons whose dogs were killed due to the acts of Defendants during the period of time from August 29, 2005- September 23,2005."

**Law and Analysis**

In determining the propriety of a class action, a court has no authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. *Bertulli v. Independent Association of Continental Pilots*, 242 F.3d 290, 297 n. 29 (5th Cir. 2001); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). "[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Id*. at 2153, *citing Miller v. Mackey International*, 452 F.2d 424, 427 (5th Cir. 1971).

---

[1] Plaintiffs named as defendants Sheriff Jack A. Strain, Sheriff of St. Bernard Parish, Deputy Michael David Minton, Deputy Greg Hawks, Deputy Arthur Minor, Lieutenant Duke Collins, Captain Kenny Fos, Sergeant Mitchell Roussell, Sergeant Clifford Englande, and Sergeant Tony Romano. Plaintiff also named the Louisiana Sheriffs' Association, Inc. as a defendant.

Rule 23 of the Federal Rules of Civil Procedure provides the criteria to be applied in determining whether to certify a class.  A district court has great discretion in determining whether to certify a class; however, the Supreme Court has noted that certification should not be granted unless the Court is satisfied after rigorous analysis, that all prerequisites have been met. *General Tel. Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).  The party moving to certify a class must demonstrate that each of the elements of Rule 23(a) is satisfied and that the action falls within one of the categories of class actions delineated in Rule 23(b). *In re Ford Motor Co. Bronco II Product Liability Litigation*, 177 F.R.D. 360, 365 (E.D. La. 1997).   Subsection (a) which  sets forth the four prerequisites for  a class action states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>  (1) the class is so numerous that joinder of all members is impracticable;
>  (2) there are questions of law or fact common to the class;
>  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>  (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R.Civ. P. 23(a).

Plaintiffs seek to have this class certified pursuant to Rule 23(b)(3) which requires that:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>  (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>  (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and

(D) the likely difficulties in managing a class action.

Rule 23(a)(1) requires that the proposed class be so numerous that the joinder of all members is impracticable. Although there is no absolute limitation on the number of members necessary to certify a class action, the Supreme Court, in examining whether fifteen (15) employees was sufficient to constitute a class noted "[w]hen judged by the size of the putative class in various cases in which certification has been denied, this [number] would be too small to meet the numerosity requirement. *American Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318, 320, 100 S.Ct. 1698, 1706 (1980). [2] "In order to satisfy his burden with respect to this prerequisite, a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Zeidman v. J. Ray McDermott & Co.*, 651 F. 2d 1030, 1038 (5th Cir. 1981). However, the actual number of class members, standing alone, is not determinative of the issue of numerosity, "for '[t]he proper focus [under Rule 23(a)(1)] is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors.'" *Id.* at 1038, quoting *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1022 (5th Cir. 1981). In deciding whether joinder is impracticable, relevant factors include 1) the geographical dispersion of the class, 2) the ease with which class

---

[2] The Supreme Court cited the following cases denying class certification in support of its conclusion that fifteen members was too few to satisfy the numerosity requirement: *Monarch Asphalt Sales Co. v. Wilshire Oil Co. of Texas*, 511 F.2d 1073, 1077 (CA10 1975) (37 class plaintiffs); *Peterson v. Albert M. Bender Co.*, 75 F.R.D. 661, 667 (ND Cal.1977) (35-45); *Murray v. Norberg*, 423 F.Supp. 795, 798 (RI 1976) (fewer than 20); *Chmieleski v. City Products Corp.*, 71 F.R.D. 118, 150-151 (WD Mo.1976) (22); *Lopez v. Jackson County Bd. of Supervisors*, 375 F.Supp. 1194, 1196-1197 (SD Miss.1974) (16); *Moreland v. Rucker Pharmacal Co.*, 63 F.R.D. 611, 613-614 (WD La.1974) (26); *Anderson v. Home Style Stores, Inc.*, 58 F.R.D. 125, 130-131 (ED Pa.1972) (18). *American Tel. co. of the Northwest, Inc. v. Equal Opportunity Employment Commission*, 446 U.S. at 320, 1607 S.Ct. at 1709, n14.

members may be identified, 3) the nature of the action, and 4) the size of each plaintiff's claim. *Id.*

The "Second Supplemental, Amending and Restated Complaint" states claims for nine individual plaintiffs, including two married couples and a mother and her two sons. (Doc. 70). Plaintiffs urge that there are at least thirty-five (35) putative class members. The affidavit of Mark Steinway, an animal rescue worker, states that he "discovered the bodies of around 35 dogs that died from apparent gunshot wounds at three school evacuation centers." (Doc. 87-4, Exhibit A). Plaintiffs also rely upon the affidavit of Mindy Bryan, a member of an animal reunification organization, stating that while in St. Bernard Parish after Hurricane Katrina she "discovered the bodies of around 30 dogs that died from apparent gunshot wounds at two school evacuation centers." Plaintiffs assert that the class would be larger than thrity-five (35) that because "many other dogs were shot on the streets of St. Bernard Parish, either at their owner's homes or elsewhere."[3] The affidavit of Jeff Dorson, the director of the Humane Society of Louisiana, states that Shannon Miller, a potential class member, told him that her dogs were shot at her home.

Plaintiffs have not however submitted any evidence establishing that "many" dogs were shot on the streets or in resident's houses. Moreover, the number of dead dogs does not necessarily correlate 1:1 to the number of putative class members as some potential plaintiffs may have owned more than one dog, a fact which would reduce the size of the already small potential class.

"While courts do not require evidence of exact size or identity of class members to satisfy the numerosity requirement, a finding of numerosity may not be based on speculation. A plaintiff cannot rely on conclusory allegations that joinder is impracticable, but must show some evidence or reasonable estimate of the size of the class." *Harrell v. Checkagain, LLC*, 248 F.R.D. 199, 206 (E.D.

---

[3] Doc. 74-2, p.7.

La. 2006)(internal quotation and citation omitted); see also *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d at 1038). Plaintiff have failed to provide evidence supporting a conclusion that the size of the class would reach thirty-five (35) members or a reasonable estimate of the size of the class.

As noted previously factors other than the size of the putative class must also be considered in determining whether plaintiffs have carried their burden of proof with respect to the prerequisite of numerosity. Plaintiffs urge that the class is geographically dispersed, and support that contention with the affidavits of John Bozes, Carol Hamm, Robert Hamm, Judy Migliori, and Joyce Stubbs stating that they have not returned to St. Bernard Parish and now live outside of Louisiana. The plaintiffs also attempt to support their allegation of geographical dispersion with Judy Migliori's statement in her affidavit that "[l]ess than half of the people that I know who lived in St. Bernard Parish before Hurrican Katrina have returned. Only one family member of mine has returned to St. Bernard Parish,"[4] and a similar statement in John Boze's affidavit.[5] A third plaintiff Robert Hamm stated in his affidavit that "[o]nly about five percent (5%) of the people that I know who lived in St. Bernard Parish before Hurricane Katrina have returned."[6] The cited affidavits shed little or no light on the whereabouts of potential class members. That many residents of St. Bernard Parish have not returned to St. Bernard Parish post-Katrina does not dictate a conclusion that potential class members are geographically dispersed. Potential class members who have been displaced from St. Bernard Parish due to Hurricane Katrina may well be living outside Louisiana as are several of the named plaintiffs, but it also likely that they are living in parishes which are within, or in close

---

[4] Doc. 87-5, Exhibit B.

[5] Doc. 87-7, Exhibit D.

[6] Doc. 87-9, Exhibit F.

proximity to, this judicial district. Plaintiff have not provided any specific evidence which can be reasonably be construed to support a conclusion that the potential class members are geographically dispersed to such an extent that the filing and prosecution of individual claims is adversely impacted.

The value of class actions for the assertion of small claims is well recognized. However, in this case, the plaintiffs do not urge that the individual claims are too small to be litigated separately and that a class action is necessary to pursue these claims. Their failure to do so is significant.

Nor have the plaintiffs offered any evidence or asserted that the putative class members have limited financial resources which would preclude the filing of individual suits. The affidavits of several of the named plaintiffs state that they have not been able to return to Louisiana because of the lack of financial resources, but the affidavits do not specifically address the affiant's financial ability to file and prosecute an individual suit. The named plaintiffs were able to secure representation to bring their claims (presumably on a contingency fee basis or because the prevailing party on a §1983 claim may recover attorneys fees pursuant to 42 U.S.C. §1988) and pay the filing fee, and there appears to be no reason that the putative class members could not do so as well.

Considering the relevant factors, the Court concludes that the plaintiffs have failed to carry their burden of establishing the Rule 23(a)(1) prerequisite of numerosity. Because plaintiffs' did not establish numerosity, certification of this case as a class action is precluded. Fed.R.Civ. P. 23(A). Accordingly, plaintiff's motion for class certification is **DENIED**.

New Orleans, Louisiana, this 11th day of September, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE